UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Fireman's Fund Insurance Company, a/s/o
Nationwide Equipment Company, Inc., a
Tennessee corporation,

      Plaintiff,

vs.                                                 Case No. 3:08-cv-985-J-12MCR

Specialized Over-Dimensional Services, Inc.,

      Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Compel (Doc. 28) filed January 27, 2010. Plaintiff filed a response to this Motion on February 3, 2010. Accordingly, the matter is now ripe for judicial review.

Defendant propounded discovery on Plaintiff back in October 29, 2009 and asserts Plaintiff's responses were due on or before November 30, 2009. Defendant points out that discovery is set to close on March 1, 2010 and therefore, the Court should order Plaintiff to respond to the discovery immediately. What Defendant does not explain is why it waited two months to file the instant motion to compel. It certainly appears that the blame for any urgency is at least partially Defendant's as a result of making the decision to wait two months before filing a motion to compel.

Plaintiff's counsel responds by explaining that he was originally hired as local counsel and has recently been required to take a more active role in the litigation.

-1-

Counsel reiterates he is willing to respond to the outstanding discovery, but asks for an extension of time, until February 12, 2010, in which to do so.

It is not clear from the filings whether this extension until February 12, 2010 was ever discussed by the attorneys. In any event, this appears to be a matter which should have been resolved by the attorneys without Court intervention. Middle District Local Rule 3.01(g) requires a moving party to confer with opposing counsel prior to filing a motion to compel "in a good faith effort to resolve the issue." If the parties are unable to resolve their differences, Rule 3.01(g) requires the moving party to file a statement with his motion certifying he has conferred with opposing counsel and the parties could come to no resolution.[1]

The importance of the Local Rules cannot be overstated. All counsel are expected to be familiar with and comply with all applicable rules of this Court.[2] The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." Desai v. Tire Kingdom, Inc., 944 F. Supp. 876 (M.D. Fla. 1996). The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." Davis v. Apfel, 2000 WL 1658575 (M.D. Fla. 2000). Moreover, the Middle District Discovery Handbook provides:

---

[1] While the Court notes Defendant's motion technically contains a statement indicating counsel conferred prior to filing the instant motion, the Court is not convinced such discussions were conducted in a good faith effort to resolve the issue.

[2] Counsel for Defendant should review Local Rule 3.01(a) regarding the proper form for motions, particularly that they are required to include a memorandum of legal authority. In the future, motions failing to comply with the Local Rules will be stricken.

> Local Rule 3.01(g), requiring certification of a good faith
> conference before any discovery motion is filed, is strictly
> enforced. Many potential discovery disputes are resolved
> (or the differences narrowed or clarified) when counsel
> confer in good faith.

Middle District Discovery (2001) at 20.

After reviewing the parties positions, the Court will grant Plaintiff an extension of time until February 12, 2010 in which to respond to Defendant's discovery requests and therefore, will deny Defendant's motion to compel without prejudice. The Court is hopeful the parties will be able to resolve any future disputes regarding discovery without any further Court involvement.

After due consideration, it is

**ORDERED**:

Defendant's Motion to Compel (Doc. 28) is **DENIED** without prejudice.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  4th  day of February, 2010.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record